Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| AMANDA M. CABÁN GARCÍA<br><br>Parte Recurrida<br><br>v.<br><br>LEARN AND GROW THERAPY GROUP, LLC<br><br>Parte Recurrente | TA2026AP00403 | *Revisión Judicial de Decisión Administrativa* procedente de la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos<br><br>Caso Núm. AC-24-304<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de mayo de 2026.

Comparece ante nos, la parte recurrente, Learn and Grow Therapy Group, LLC (LGTG o recurrente), mediante recurso de revisión judicial[2] y solicita que revoquemos la *Resolución Interlocutoria y Orden*[3], emitida por la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos (OMA). En virtud de esta, la OMA denegó la solicitud de prórroga de la recurrente para pagar la sanción económica impuesta, le anotó la rebeldía y señaló la vista adjudicativa en rebeldía para el 21 de mayo de 2026.

Tras examinar el escrito de la parte recurrente, así como los documentos que conforman el apéndice, determinamos prescindir

---

[1] Mediante Orden Administrativa DJ-2025-063B emitida el 20 de abril de 2026 se enmendó la composición de los paneles.

[2] Al recurso se le asignó la clasificación alfanumérica de una apelación. Sin embargo, el recurso presentado es una revisión de decisión administrativa y así lo atendemos. No obstante, este conservará la clasificación alfanumérica asignada.

[3] Anejo 18, Ap. 89-94.

del alegato de la parte recurrida conforme a la Regla 7 (B)(5) de nuestro Reglamento[4] y resolver el recurso, desestimándolo por falta de jurisdicción. Lo anterior, por cuanto no se solicita la revisión de una decisión administrativa final de la agencia, según lo requiere la sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (Ley Núm. 38-2017), infra.

## I. Trasfondo fáctico y procesal

El 3 de febrero de 2025, la Sra. Amanda M. Cabán García (Cabán García) presentó una querella sobre despido injustificado en contra de LGTG. La querella se presentó ante la Oficina de Mediación y Adjudicación del Departamento del Trabajo y Recursos Humanos (OMA).[5] El 30 de mayo de 2025, la OMA emitió una *Notificación de Querella y Vista Administrativa*[6], en la que requirió a LGTG contestar la querella en un término de diez (10) días y presentar la misma por correo electrónico a oma@trabajo.pr.gov o a la dirección postal de OMA. Además, señaló la vista adjudicativa para el 17 de septiembre de 2025.[7] Por último, la referida notificación orientaba a las partes sobre las normas procesales que regirían la vista administrativa. La notificación también especificó lo siguiente:

> Finalmente, téngase en consideración lo siguiente:
>
> 3. Las partes deberán presentar sus escritos utilizando el correo electrónico de la OMA. **Documentos que excedan las veinte (20) páginas <u>incluidos los anejos</u> deberán ser enviados a la dirección postal: Oficina de Mediación y Adjudicación, Departamento del Trabajo y Recursos Humanos de Puerto Rico, PO Box 195540, San Juan, Puerto Rico 00919-5540." (Énfasis y subrayado nuestro).**

Así las cosas, el 9 de junio de 2025, LGTG contestó la querella[8]. El 11 de junio de 2025, la OMA emitió una *Resolución*

---

[4] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 13-15, 215 DPR __ (2025).
[5] Apéndice del recurso, Ap. 2.
[6] Anejo 1, Ap. 9-12.
[7] Íd., Ap. 9-11.
[8] Anejo 2, Ap. 20-25.

*Interlocutoria y Orden*[9] en la que dispuso que LGTG no cumplió con presentar documentación en apoyo de sus defensas y alegaciones, conforme exige la Regla 5.5 del Reglamento de la Oficina de Mediación y Adjudicación (Reglamento OMA). Para ello, le concedió un término de cinco (5) días.

Sin embargo, no fue hasta el 28 de julio de 2025, que LGTG presentó un escrito intitulado *En Cumplimiento de Orden*[10], en el que alegó que la demora en cumplir con lo ordenado se debía a justa causa. Al respecto, arguyó que el correo electrónico de su oficina utilizaba el servidor de icloud.com, el cual fue actualizado por Apple e introdujo la categoría de *priority* para los mensajes recibidos y que, por desconocimiento, la notificación de la OMA estaba en la sección de *priority* y no se percató de haberla recibido. En cumplimiento con lo ordenado, expuso que anejaba la prueba documental requerida en el presente escrito.

De ahí que, el 2 de septiembre de 2025, notificada el 3 de septiembre de 2025, la OMA emitió una *Resolución Interlocutoria y Orden*[11], en la que reseñó el trámite procesal acaecido y reiteró que LGTG no había cumplido con lo ordenado, por lo que emitió una orden de mostrar causa por la cual no se le debía imponer una sanción de $200.00 ante su reiterado incumplimiento con las órdenes del foro. Además, suspendió la vista adjudicativa del 17 de septiembre de 2025.[12] El mismo 3 de septiembre de 2025, LGTG envió un correo electrónico a la OMA en el que expresó que, desde el 28 de julio de 2025, había enviado copia de la prueba documental requerida y le hacía referencia al anejo incluido.[13]

---

[9] Anejo 3, Ap. 26-28.
[10] Anejo 4, Ap. 29-30.
[11] Anejo 5, Ap. 32-24.
[12] La orden también apercibió a LGTG sobre lo dispuesto en la Regla 5.19 del reglamento, respecto a las sanciones, incumplimiento y eliminación de las alegaciones del querellado si continuaba en incumplimiento con sus órdenes.
[13] Anejo 6, Ap. 35-36.

El 23 de octubre de 2025, la OMA emitió *Resolución Interlocutoria y Orden Imposición de Sanciones*[14]. En esta le impuso $200.00 en sanciones a pagarse en treinta (30) días y le advirtió que el incumplimiento con el pago de las sanciones provocaría la eliminación de las alegaciones y la anotación de rebeldía.[15] El 17 de noviembre de 2025, LGTG presentó un escrito *En Cumplimiento de Orden*[16]. LGTG no consignó evidencia del pago la sanción impuesta, sino que argumentó que la sanción era improcedente, pues había hecho gestiones desde el 28 de julio de 2025 y 3 de septiembre de 2025 para entregar la prueba documental a través del correo electrónico habilitado por OMA.

En tanto, el 1 de diciembre de 2025, LGTG presentó una *Réplica a Moción de la Parte Querellante En Torno a Incumplimiento de Ordenes del Foro*[17], en la que se opuso a la solicitud de Cabán García de que se le eliminaran las alegaciones y reiteró que había enviado la prueba documental en varias ocasiones vía correo electrónico.

Ante los escritos presentados por las partes, el 8 de diciembre de 2025, la OMA emitió una *Resolución Interlocutoria y Orden*[18]. En esta le ordenó a la Secretaría de la OMA que certificara si en los archivos de correo electrónico de la OMA constaban los correos electrónicos que LGTG alegaba haber remitido los días 28 de julio de 2025, 3 de septiembre de 2025 y 17 de noviembre de 2025. También ordenó a la querellante (Cabán García) notificar a la OMA si había recibido dichos correos electrónicos. Por último, ordenó[19] justificar la razón por la cual no se comunicó con la Secretaría de la

---

[14] Anejo 7, Ap. 37-40.
[15] La referida resolución advirtió lo dispuesto por la Regla 5.19 del Reglamento OMA.
[16] Anejo 8, Ap. 41-43.
[17] Anejo 9, Ap. 46-50. El recurrente no incluyó copia del escrito presentado por Cabán García.
[18] Anejo 10, Ap. 54-56.
[19] Aunque la resolución lee "Se le ordena a la parte querellante...", el contexto de lo ordenado sugiere que la orden va dirigida a LGTG, quien es la parte querellada en el pleito.

OMA para confirmar el recibo de los correos electrónicos al ver que estos no habían sido recibidos y le ordenó presentar nuevamente los mismos y que notificara una dirección alterna de correo electrónico.

En respuesta a lo ordenado, el 12 de diciembre de 2025, LGTG presentó una *Solicitud de Vista Evidenciaria y Citación al Personal de Cómputos.* En síntesis, solicitó que, como parte del debido proceso de ley, se celebrara una vista evidenciaria, previo a la imposición de sanciones, para dilucidar la controversia sobre el envío y recibo de los correos electrónicos. Además, planteó que era necesario que se citara al personal de cómputos de la OMA para que indicara si hubo algún desfase tecnológico que impidiera la transmisión de los correos electrónicos.

Mientras, el 12 de enero de 2026, la Sra. Selenia Hernández de Aza, Administradora de Sistemas de Oficina II de la OMA, presentó la *Certificación*[20] ordenada. La misma lee como sigue:

> Por la presente certifico que funjo c[o]mo administradora de sistemas de oficina II, y soy la persona encargada de recibir y entregar la correspondencia electrónica que se recibe en el correo electrónico oma@trabajo.pr.gov.
> De la búsqueda que realic[é] en el correo electrónico oma@trabajo.pr.gov para las fechas de: 28 de julio de 2025, 3 de septiembre de 2025; y el 17 de noviembre de 2025, no obra correo electrónico recibido de parte de: kpglawoffice@icloud.com.
> Expido la presente, en cumplimiento con la Resolución Interlocutoria y Orden, fechada el 8 de diciembre de 2025.

Ese mismo día, LGTG solicitó por segunda vez una vista evidenciaria[21] y solicitó que se citara al administrador de sistemas de Microsoft designado por la agencia para identificar si su dirección estaba bloqueada o en un *blacklist*. El 15 de enero de 2026, la OMA emitió *Resolución Interlocutoria y Orden*[22], en la que, entre otros asuntos, señaló que LGTG aún no había cumplido con las órdenes impuestas por el foro y determinó atender el escrito de réplica

---

[20] Anejo 12, Ap. 63-65.
[21] Anejo 13, *Segunda Solicitud de Vista Evidenciaria y Citación al Administrador del Sistema Microsoft,* Ap. 66-69.
[22] Anejo 14, Ap. 70-75.

presentado por LGTG como una solicitud de reconsideración y relevo de sanciones. Asimismo, le concedió un término de cinco (5) días para cumplir con lo ordenado el 8 y 15 de diciembre de 2025, a saber. En respuesta, LGTG presentó una *Moción en Cumplimiento de Orden y Solicitud Reiterada de Vista Evidenciaria*[23].

El 12 de marzo de 2026, la OMA le impuso una sanción de $200.00 a satisfacerse en un término de quince (15) días, so pena de eliminar las alegaciones[24]. Fuera del término concedido, el 14 de abril de 2026, LGTG solicitó prórroga para pagar la sanción impuesta, alegando errores técnicos.[25] En esa misma fecha, la OMA emitió la *Resolución Interlocutoria y Orden* recurrida. En virtud de esta, la OMA declaró No Ha Lugar la solicitud de prórroga, le anotó la rebeldía a LGTG y señaló la vista adjudicativa en rebeldía para el 21 de mayo de 2026. La OMA reseñó las incidencias procesales en el caso y expresó que el expediente reflejaba un incumplimiento craso, repetido e irrazonable por parte de LGTG.

Inconforme con lo anterior, LGTG acude ante este foro intermedio y formuló los siguientes señalamientos de error:

> ERRÓ el Foro administrativo al anotar la rebeldía a la parte recurrente como sanción de primera instancia, sin antes apercibirla directa y expresamente de las consecuencias que podía acarrear el incumplimiento con el pago de la sanción de $200.00, en contravención de la doctrina vinculante de *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 D.P.R. 689 (2020).

> ERRÓ el Foro administrativo al imponer la sanción más severa—rebeldía—sin agotar alternativas progresivas menos onerosas, violentando así la doctrina uniforme de *Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494 (1982); *HIET* v. PRT, 182 D.P.R. 451 (2011); y *Mejías et al. V. Carrasquillo et al.,* 185 D.P.R. 288 (2012).

> ERRÓ el Foro administrativo al anotar la rebeldía sin antes celebrar la vista evidenciaria solicitada tres veces por la parte recurrente, adjudicando de facto un hecho fáctico disputado (la recepción de los correos institucionales) sin prueba y en violación del debido proceso administrativo garantizado por

---

[23] Anejo 15, Ap. 78-80. Tanto en su recurso (acápite 14), como en la portada del Anejo 15, LGTG indica que la prueba se presentó en formato físico, sin embargo, no surge del escrito certificación o indicativo alguno que confirme que la entrega de la prueba en efecto se hizo de forma física. Tampoco surge que la OMA haya confirmado el recibo de la entrega física de la prueba.

[24] Anejo 16, Ap. 81-85.

[25] Anejo 17, Ap. 86-88.

la Sección 3.1 et seq. de la LPAU y por el Art. II, Sec. 7, de la Constitución de Puerto Rico.

ERRÓ el Foro administrativo al desatender la justa causa documentada por la parte recurrente—desfase tecnológico entre servidores y error administrativo en la transferencia electrónica de pago—privándole de oportunidad genuina de ser oída.

ERRÓ el Foro administrativo al resolver en un mismo día y documento la solicitud de prórroga, la anotación de rebeldía y el señalamiento de vista adjudicativa en rebeldía, sin mediar audiencia previa y sin haber celebrado jamás vista en los méritos, actuación reñida con la mesura, ponderación e imparcialidad que exigen la Sec. 3.9 de la LPAU y el Canon 8 del Código de Ética Judicial de 2005.

## II. Derecho aplicable

### A. Jurisdicción

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[26] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[27] Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[28]

Así, si un recurso de revisión o apelación se presenta mientras el foro apelado tiene ante su consideración una determinación que se encuentra pendiente y no ha sido resuelta, el foro apelativo debe desestimar el recurso por este ser prematuro. En cambio, un recurso que se presenta luego del término que provee la ley para recurrir debe desestimarse por ser un recurso tardío. La presentación

---

[26] *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).

[27] *Ruiz Camilo v. Trafon Group, Inc.,* supra.

[28] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

prematura o tardía del recurso priva de jurisdicción al tribunal al cual se recurre.[29] De manera que, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[30]

Por esa razón, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[31], nos autoriza a desestimar un recurso a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

**B. La revisión judicial de las decisiones administrativas**

El derecho a cuestionar una determinación emitida por una agencia administrativa es parte del debido proceso de ley.[32]

La Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (Ley de la Judicatura), según enmendada[33]; la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU)[34]; y la Regla 57 de nuestro Reglamento[35], establecen la jurisdicción y competencia de este Tribunal para atender un recurso de revisión administrativa.

Así, al amparo del Artículo 4.006(c) de la Ley de la Judicatura[36], este tribunal apelativo conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de toda decisión, orden y resolución **final** de las agencias administrativas.

Por su parte, la Sección 4.2 de la LPAU, *supra,* dispone que una parte adversamente afectada por una orden o resolución **final** de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación

---

[29] *Pueblo v. Rivera Ortiz,* supra, págs. 414-415.

[30] *Rivera Marcucci v. Suiza Dairy Inc.*, supra.

[31] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025).

[32] *ACT v. Prosol, et als.,* 210 DPR 897, 908 (2022).

[33] 4 LPRA secs. 24(t) *et seq.*

[34] 3 LPRA sec. 9672

[35] Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 80, 215 DPR __ (2025).

[36] 4 LPRA sec. 24y(c).

de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley[37], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Más adelante, la citada sección dispone expresamente lo siguiente:

> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, **no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.** 3 LPRA sec. 9673. (Énfasis nuestro).

No obstante, el Tribunal Supremo ha reconocido como excepción a la norma de finalidad aquellas situaciones en las que se vislumbra una clara falta de jurisdicción de la agencia administrativa.[38] De acuerdo con ello, un tribunal puede preterir el trámite administrativo cuando se impugne la jurisdicción de la agencia y de las alegaciones se deduzca claramente que esta carece de jurisdicción.[39] Dicha premisa parte de que, si una agencia no tiene jurisdicción para adjudicar una controversia, su actuación sería *ultra vires* y, por tanto, resultaría injusto requerir a una parte litigar su caso ante la agencia, únicamente para cumplir con el requisito de finalidad.[40]

Sin embargo, el Tribunal Supremo aclaró que no todas las alegaciones de ausencia de jurisdicción tienen el efecto de eximir a una parte de agotar los procedimientos ante una agencia administrativa, y que esto tampoco implica que la excepción se aplicará de manera automática.[41] Solo en aquellos casos en que la

---

[37] 3 LPRA sec. 9655.
[38] *AAA v. UIA*, 200 DPR 903, 915 (2018). *AAA v. UIA*, 199 DPR 638, 658 (2018); *Comisionado Seguros v. Universal,* 167 DPR 21, 30 (2006).
[39] *AAA v. UIA*, supra, pág. 916.
[40] *Íd.*
[41] *Íd.*, pág. 916.

agencia carece realmente de jurisdicción es que el proceso administrativo se convierte en final y es entonces que el Tribunal de Apelaciones puede revisar el asunto interlocutorio.[42]

Para ello, nuestro Tribunal Supremo adoptó tres criterios a considerarse **ante un señalamiento de ausencia de jurisdicción de la agencia administrativa**: (1) el riesgo de que se ocasione un daño irreparable si el tribunal pospone su intervención; (2) el grado de claridad con que surja la carencia o tenencia de jurisdicción; (3) la pericia que tenga la agencia para dilucidar las cuestiones jurisdiccionales.[43]

### III. Aplicación del derecho a los hechos

Como foro revisor, estamos obligados a examinar nuestra jurisdicción para atender el recurso que nos ocupa. En su recurso, LGTG recurre de una determinación interlocutoria en virtud de la cual la OMA le anotó la rebeldía por incumplir con las órdenes del foro. En la referida determinación, la OMA señaló la vista adjudicativa a celebrarse el próximo 21 de mayo de 2026, por lo que aún no se han adjudicado ni finalizado en su totalidad las controversias del caso ante la OMA. Lo anterior priva de jurisdicción a esta Curia para atender el recurso en esta etapa de los procedimientos.

Así, y conforme expuesto en la segunda parte de este escrito, este foro tiene jurisdicción para revisar las decisiones, órdenes o resoluciones finales emitidas por una agencia administrativa. El dictamen recurrido por LGTG no cumple con los requisitos de finalidad que ponen fin a la controversia. Tampoco nos encontramos ante un asunto de clara falta de jurisdicción de la agencia en que el asunto interlocutorio se convierte en final.

---

[42] *Íd.*, pág. 917.

[43] *Íd.*, pág. 917.*Colón v. Méndez, Dpto. Recursos Naturales*, 130 DPR 433, 444 (1992); *Vélez Ramírez v. Romero Barceló*, 112 DPR 716, 723.

En consideración a lo anterior y en la medida en se nos pidió revisar una resolución que no es final, este Tribunal carece de jurisdicción para atender el recurso de epígrafe.

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, se **desestima** el presente recurso de revisión administrativa y se devuelve ante el foro administrativo, para la continuación de los procedimientos.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones